# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

**MARTHA ("MOLLY") OTIS SCHEER,**

     **Plaintiff,**

                                           **Civil Action No. 10-CV-447**

**v.**

**CITY OF HAYWARD, THOMAS J. DUFFY,**
**DONALD SHEEHAN, BILL SWINTOWSKI,**
**GARY GILLIS, HAROLD JOHNSON,**
**JOE KREYER, CHARLES MUNICH,**
**PAT PARKER, JASON SPEROS,**
**AL VOIGHT, and VERNA WORMAN,**

     **Defendants.**

---

## COMPLAINT

---

Plaintiff MARTHA ("MOLLY") OTIS SCHEER, by and through her attorney, Glenn M. Stoddard of STODDARD LAW OFFICE, as and for her Complaint against the above-named Defendants, alleges as follows:

### PARTIES

1.    Plaintiff Martha ("Molly") Otis Scheer (hereinafter "Ms. Otis") is an adult resident of the state of Wisconsin who owns real property, including a guest house, apartment, and a commercial business in the City of Hayward, Wisconsin, including "The Pavilion-Wine Bar" (hereinafter "The Pavilion"), which is located at 10551 Main Street, Hayward, Wisconsin.

2.    Defendant City of Hayward, Wisconsin (hereinafter "the City") is a city government which was created pursuant to the laws of the State of Wisconsin. The

City's address is:  City of Hayward, Wisconsin, c/o Lucy Gunther, Clerk-Treasurer, City Hall, 15889 W. 3rd Street, Hayward, WI 54843.

3.      Defendant Thomas J. Duffy (hereinafter "Mr. Duffy") is an attorney at law who is licensed to practice law in the state of Wisconsin.  Mr. Duffy is a former mayor of the City.  His address is:  Duffy Law Office, S. Main Street, Hayward, WI 54843.  Mr. Duffy is being sued in his official and individual capacities in this action.

4.      Defendant Donald Sheehan (hereinafter "Mr. Sheehan") is the former police chief of the City.  His address is:  W. Sleepy Hollow Drive, Hayward, WI 54843.  Mr. Sheehan is being sued in his official and individual capacities in this action.

4.      Defendant Bill Swintowski (hereinafter "Mr. Swintowski") is the current mayor of the City.  His address is:  10686 Beal Avenue, Hayward, WI 54843.  Mr. Swintowski is being sued in his official and individual capacities in this action.

6.      Defendant Gary Gillis (hereinafter "Mr. Gillis") is an elected alderperson and member of the Hayward City Council.  His address is:  P.O. Box 862, Hayward, WI 54843.  Mr. Gillis is being sued in his official and individual capacities in this action.

7.      Defendant Harold Johnson (hereinafter "Mr. Johnson") is an elected alderperson and member of the Hayward City Council.  His address is:  10731 Beal Avenue, Hayward, WI 54843.  Mr. Johnson is being sued in his official and individual capacities in this action.

8.      Defendant Joe Kreyer (hereinafter "Mr. Kreyer") is an elected alderperson and member of the Hayward City Council.  His address is:  P.O. Box 365, Hayward, WI 54843.  Mr. Kreyer is being sued in his official and individual capacities in this action.

9.    Defendant Charles Munich (hereinafter "Mr. Munich") is an elected alderperson and member of the Hayward City Council. His address is: 10244 Towne View Road, Hayward, WI 54843. Mr. Munich is being sued in his official and individual capacities in this action.

10.    Defendant Pat Parker (hereinafter "Ms. Parker") is an elected alderperson and member of the Hayward City Council. Her address is: P.O. Box 862, Hayward, WI 54843. Ms. Parker is being sued in her official and individual capacities in this action.

11.    Defendant Jason Speros (hereinafter "Mr. Speros") is an elected alderperson and member of the Hayward City Council. His address is: 10459 Forest Avenue, Hayward, WI 54843. Mr. Speros is being sued in his official and individual capacities in this action.

12.    Defendant Al Voight (hereinafter "Mr. Voight") is an elected alderperson and member of the Hayward City Council. His address is: 15637 Lakewood Drive, Hayward, WI 54843. Mr. Voight is being sued in his official and individual capacities in this action.

13.    Defendant Verna Worman (hereinafter "Ms. Worman") is an elected alderperson and member of the Hayward City Council. Her address is: 15996 N. First Street, Hayward, WI 54843. Ms. Worman is being sued in her official and individual capacities in this action.

## JURISDICTION AND VENUE

14.    This action arises under the United States Constitution, namely the First and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1988.

3

15.     The Court has Federal Question jurisdiction over this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1341, and venue rests with this Court because all parties reside in the Western District of Wisconsin.

## FACTS

16.     Ms. Otis is a professional musician and for several years a substantial percentage of her business income has been derived from playing music by herself and with other musicians at The Pavilion, for the benefit and enjoyment of her customers and wine bar patrons, her own personal enjoyment, and for the expression and communication of feelings and ideas.

17.     On August 20, 2007, the Police Committee of the Hayward City Council met and adopted a motion to have the City Attorney draft a music ordinance for consideration by the City Council at its September 2007 meeting. The minutes of the meeting state that the proposed ordinance "would require any establishment hosting music (band or DJ) outside after 10:00 p.m. to obtain permission from the City Council prior to hosting the outdoor music." This meeting was attended by Mr. Duffy, Mr. Sheehan, Mr. Gillis, Mr. Munich, Mr. Speros, Mr. Voight, and Ms. Worman. The motion to approve development of the ordinance was made by Mr. Gillis and seconded by Ms. Worman. The motion was carried and approved without objection.

18.     On September 17, 2007, the Hayward City Council unanimously approved passage of Ordinance #476 (copy attached hereto and incorporated herein by reference as Exhibit A) under color of law, which purports to prohibit Ms. Otis and any establishment or private party from playing music after 10:00 p.m., without first obtaining a special

4

permit from the Hayward City Council. Prior to its passage, Ordinance #476 was supported by Mr. Duffy and Mr. Sheehan, and it was signed by Mr. Duffy.

19. Ordinance #476 provides that failure to obtain permission to play music outside from the Hayward City Council shall result in forfeitures. The forfeiture amounts specified are $50.00 for the first offense, plus applicable court costs; $100.00 for the second offense, plus applicable court costs; and $200.00 for the third offense, plus applicable court costs.

20. Prior to passage of Ordinance #476, the Hayward City Council did not hold a formal public hearing and it did not provide adequate public notice of the proposed ordinance. Nonetheless, Ms. Otis learned about the proposed ordinance and spoke against it before the City Council prior to its passage.

21. At the time Ms. Otis spoke out against the proposed ordinance, she was falsely informed by the then-City of Hayward Police Chief, Mr. Sheehan, that she had nothing to worry about, because it would not apply to her business at The Pavilion.

22. Prior to passage of Ordinance #476, Ms. Otis and other musicians would typically play live and recorded music in the courtyard of The Pavilion on at least two nights per week until about 12:00 a.m. midnight. This was part of the service Ms. Otis provided to her customers and wine bar patrons and it was very popular and, thus, profitable for Ms. Otis and her business.

23. On September 26, 2007, Ordinance #476 was published and purportedly became effective under color of law in the City.

24. On September 28, 2007, at shortly after 10:00 p.m., the City police raided The Pavilion under color of law with several armed police officers who pulled up to The

Pavilion in three police cars. At the time of the police raid Ms. Otis was informed that she was in violation of Ordinance #476 and would have to stop playing music outside or be cited and subject to forfeitures because she did not have permit to play music outside after 10:00 p.m.

25.    Because of Ordinance #476 and the raid by the City police on her business, Ms. Otis has been forced to move all live and recorded music inside The Pavilion at substantial expense to her and her business.

26.    Because of Ordinance #476 and the raid by the City police on her business, Ms. Otis has also lost a substantial amount of business and a substantial number of patrons who formerly visited The Pavilion to enjoy live and recorded outdoor music after 10:00 p.m. on weekends, because of the stigma cast on her business from the police raid.

27.    Ever since Ordinance #476 was passed and the City police raided The Pavilion, Ms. Otis has been illegally regulated, restrained and chilled from playing music alone and with other musicians outside after 10:00 p.m., and this has caused her to suffer damages in lost business income.

28.    Because of the raid by the City police Ms. Otis has suffered impairment of reputation, personal and public humiliation, emotional distress, mental pain and suffering, and injury to her reputation in the community and as a business owner and operator, for which she entitled to recover additional, unspecified compensatory and other damages.

29.    On July 19, 2010, Ms. Otis and her attorney appeared before the Hayward City Council to request approval of a special permit from the City Council that would

6

Ms. Otis to play outdoor music at the Pavilion until 1:00 a.m., on Friday and Saturday nights throughout the year.

30.     At the July 19, 2010 Hayward City Council meeting, Ms. Otis' attorney stated that if the City Council denied the special permit request it would be doing so in violation of Ms. Otis' First Amendment rights under the U.S. Constitution. Nonetheless, Mr. Swintowski spoke out in opposition to granting approval of Ms. Otis' special permit request and the City Council subsequently voted to deny the request. The vote to deny was on a vote of six in favor of denial, one opposed to denial, and one abstention. The persons who voted to deny the request did so knowingly and intentionally at the urging of Mr. Swintowski, and they included: Mr. Gillis, Mr. Johnson, Mr. Kreyer, Ms. Parker, Mr. Voight, and Ms. Worman.

31.     The actions described above by the individual defendants in proposing and approving Ordinance #476 and in applying and enforcing Ordinance #476 against Ms. Otis in September 2007, and the actions of the individual defendants on July 19, 2010, were all intentional actions, which were taken in flagrant disregard of Ms. Otis' First Amendment and Equal Protection rights under the U.S. Constitution, for the express purpose of depriving her of her constitutional rights.

32.     Ms. Otis has suffered "an injury in fact" resulting from the passage and enforcement of the Ordinance against her and her business, and the prior restraint she is continuing to experience because of Ordinance #476. *See 4805 Convoy, Inc. v. City of San Diego*, 183 F.3d 1108, 1111 (9th Cir. 1999).

**FIRST CLAIM FOR RELIEF**
**(First Amendment Violations)**

33.    Ms. Otis realleges and incorporates herein by reference each of the preceding paragraphs as if set forth in full.

34.    Ms. Otis alleges that the passage and application of Ordinance #476 to her and her business, by all defendants, has and is continuing to deprive her of her right to play music in violation of the First Amendment to the U.S. Constitution.

35.    Ordinance #476, and its passage and application to Ms. Otis by all defendants, has and is continuing to illegally target music, which is entitled to protection under the First Amendment to the U.S. Constitution. *See Ward v. Rock Against Racism*, 491 U.S. 781, 790 (1989) ("Music, as a form of expression and communication, is protected under the First Amendment."); *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 567 (9th Cir. 1984) ("Entertainment, as well as political and ideological speech, is protected; motion pictures, programs broadcast by radio and television, and live entertainment, such as musical and dramatic works, fall within the First Amendment guarantee.")

36.    Ordinance #476 does not define "music" and it does not include any standards or objective criteria for the Hayward City Council or the City police to use when applying it to applicants for permits, like Ms. Otis, or to alleged violators. It is, therefore, arbitrary, unreasonable, capricious, overly broad, vague and ambiguous. The vagueness doctrine incorporates notions of fair notice or warning by requiring legislative bodies to "set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement." *Smith v. Goguen*, 415 U.S. 566, 572-573 (1974). "A statute will be struck down on void for vagueness grounds if 'it

8

fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes.'" *United States v. Frega*, 179 F.3d 793, 803 (9th Cir. 1998) (quoting *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1345 (9th Cir. 1984)). An ordinance is vague if persons "of common intelligence must necessarily guess at its meaning." *Broadrick v. Oklahoma*, 413 U.S. 601, 607 (1973) (internal quotations omitted).

## SECOND CLAIM FOR RELIEF
**(Fourteenth Amendment Equal Protection Violations)**

37.    Ms. Otis realleges and incorporates herein by reference each of the preceding paragraphs as if set forth in full.

38.    Ms. Otis alleges that the passage and application of Ordinance #476 to her and her business, by all defendants, has and is continuing to deprive her of her right to play music be in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

39.    Ms. Otis alleges that Ordinance #476 allows constitutionally protected music to be performed after 10:00 p.m. by permit holders that have obtained approval by the Hayward City Council but denies this protected form of expression for those who do not hold—or who have been denied--a permit, including Ms. Otis.

40.    The freedom of expression is a fundamental right and thus strict scrutiny must be applied to survive Equal Protection analysis. Because defendants' "interest" in controlling music in the City after 10:00 p.m. is not necessary to further any compelling state or City interest, Ordinance #476 as applied to Ms. Otis violates the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution.

41.    Ordinance #476 does not regulate any noise or sound-making activity other than "music" and is, therefore, in violation of the equal protection clauses of the

Wisconsin and U.S. constitutions. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination...." *Village of Willowbrook v. Olech*, 120 S.Ct. 1073 (2000) (internal quotations omitted)

### JURY DEMAND

Ms. Otis hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on issues of compensatory, nominal, equitable, punitive, and other damages.

### REQUESTED RELIEF

WHEREFORE, Ms. Otis respectfully requests that the Court find in her favor and against Defendants, and that the Court grant the following relief:

A.    Judgment that Ordinance #476 is facially unconstitutional and has been adopted applied, and enforced against Ms. Otis in violation of her First Amendment rights under the U.S. Constitution;

B.    Judgment that Ordinance #476 is unconstitutional and has been adopted applied, and enforced against Ms. Otis in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;

C.    A permanent injunction enjoining defendants, their agents, officials, servants, and employees, and all persons in active concert or participation with them, or any of them, from applying and enforcing Ordinance #476, or any other ordinance or policy that serves the same purpose of restricting constitutionally protected speech, in the City of Hayward;

D.     Judgment that Defendants pay Ms. Otis compensatory, nominal, punitive, and other damages for their intentional deprivation of her constitutional rights;

E.     Judgment that Defendants pay Ms. Otis and her attorneys their reasonable attorneys' fees, costs, and expenses in this action, in accordance with 42  U.S.C. § 1988; and

F.     Such other and further relief as the Court deems appropriate under the circumstances.

Dated this 11th day of August, 2010.

Respectfully submitted,

**STODDARD LAW OFFICE**

By: */s/Glenn M. Stoddard*
Glenn M. Stoddard
Attorney for Plaintiff Martha
("Molly") Otis Scheer
WI State Bar No. 1020964
316 N. Barstow Street, Suite B
P.O. Box 227
Eau Claire, WI 54702
Tel: (715) 852-0345
Fax: (715) 852-0349
Email: glennstoddard@gmail.com

## ORDINANCE #476

## AN ORDINANCE TO PROMOTE THE HEALTH, SAFTY, AND WELFARE OF THE CITY OF HAYWARD.

The Common Council of the City of Hayward do ordain as follows:

WHEREAS, at various times, commercial establishments and/or private parties host gatherings which require the playing of music outside.

NOW THEREFORE, it is hereby resolved as follows:

1. Any establishment or private party wishing to host any type of event outside that requires the playing of music after 10:00 p.m. shall obtain permission from the City Council prior to hosting the outside event.

2. Failure to obtain permission from the City Council shall result in a forfeiture schedule as follows:

   a.   First Offense-      $50.00, plus applicable court costs
   b.   Second Offense-   $100.00, plus applicable court costs
   c.   Third Offense-     $200.00, plus applicable court costs

3. Any change to the forfeiture may be made by a resolution adopted by the majority vote of the City Council for the City of Hayward.

This ordinance shall become effective upon its passage by the Common Council of the City of Hayward and publication thereof as provided by law.

Passed this 17th day of September, 2007.

MOTION BY:  Ald. Munich            SECONDED BY:  Ald. Worman

Ayes:  7    Nays:  0

*Thomas J Duffy, Mayor                          *Lucy Gunther, Clerk-Treasurer

Published:  September 26, 2007.



EXHIBIT

A