UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARTHA ("MOLLY") OTIS SCHEER,

    Plaintiff,

v.                                           Civil Action No. 10-CV-447

CITY OF HAYWARD, THOMAS J. DUFFY,
DONALD SHEEHAN, BILL SWINTOWSKI,
GARY GILLIS, HAROLD JOHNSON,
JOE KREYER, CHARLES MUNICH,
PAT PARKER, JASON SPEROS,
AL VOIGHT, and VERNA WORMAN,

    Defendants.

---

## PLAINTIFF'S BRIEF IN SUPPORT OF SUMMARY JUDGMENT ON DEFENDANTS' INDIVIDUAL AND PERSONAL LIABILITY

---

### INTRODUCTION

Plaintiff Martha ("Molly") Otis Scheer ("Plaintiff" or "Ms. Otis") commenced this civil action under 42 U.S.C. § 1983 and 1988 for declaratory, injunctive and other relief from the actions and decisions of defendants in adopting, applying, and enforcing the City of Hayward Music Ordinance #476 ("Ordinance #476") against Ms. Otis, in violation of the First and Fourteenth Amendments of the U.S. Constitution.

On April 8, 2011, in an Order of the Court, summary judgment was granted in favor of Ms. Otis, as follows:

> Pursuant to the parties' joint report to the court, *see* [26], and in light of defendants' concession of liability in their official capacities, *see* [23] and [25], it is ORDERED that plaintiff's motion for summary judgment [17] is granted in part as unopposed. Specifically, plaintiff's motion for summary judgment is granted against defendants in their official capacities on plaintiff's first and second claims, and it is adjudged that Ordinance #476 is facially unconstitutional and was adopted and applied to plaintiff by defendants in their official capacities in violation of plaintiff's First Amendment rights and her right to Equal Protection under the Fourteenth

Amendment. The issues of defendants' personal liability, defendants' immunity from suit, and plaintiff's appropriate relief remain in dispute. Signed by Magistrate Judge Stephen L. Crocker on 4/8/2011. (arw)

Ms. Otis now moves the Court for an Order of Summary Judgment on Defendants' Individual and Personal Liability, under Rule 56(c).

## FACTS

The following material facts were uncontested by defendants when they responded and conceded liability in their official capacity to plaintiffs' initial motion for summary judgment. The same facts are relevant to this motion and are hereby set forth again in the same numbered paragraphs, as previously set forth. These facts are also set forth in "Plaintiff's Proposed Findings of Fact, Conclusions of Law, and Order on Defendants' Individual and Personal Liability," filed herewith:

### A. Parties.

1. Ms. Otis is an adult resident of the state of Wisconsin who owns real property, including a guest house, apartment, and a commercial business in the City of Hayward, Wisconsin, including "The Pavilion-Wine Bar" (hereinafter "The Pavilion"), which is located at 10551 Main Street, Hayward, Wisconsin. (Admitted: Complaint at ¶ 1; Defendants' Answer and Affirmative Defenses at ¶ 1.)

2. Defendant City of Hayward, Wisconsin (hereinafter "the City") is a city government which was created pursuant to the laws of the State of Wisconsin. The City's address is: City of Hayward, Wisconsin, c/o Lucy Gunther, Clerk-Treasurer, City Hall, 15889 W. 3rd Street, Hayward, WI 54843. (Admitted: Complaint at ¶ 2; Defendants' Answer and Affirmative Defenses at ¶ 2.)

3. Defendant Thomas J. Duffy (hereinafter "Mr. Duffy") is an attorney at law who is licensed to practice law in the state of Wisconsin. Mr. Duffy is a former mayor of the City. His address is: Duffy Law Office, S. Main Street, Hayward, WI 54843. Mr. Duffy is being sued in his official and individual capacities in this action. (Admitted: Complaint at ¶ 3; Defendants' Answer and Affirmative Defenses at ¶ 3.)

4. Defendant Donald Sheehan (hereinafter "Mr. Sheehan") is the former police chief of the City. His address is: W. Sleepy Hollow Drive, Hayward, WI 54843. Mr. Sheehan is being sued in his official and individual capacities in this action. (Admitted: Complaint at ¶ 4; Defendants' Answer and Affirmative Defenses at ¶ 4.)

5. Defendant Bill Swintowski (hereinafter "Mr. Swintowski") is the incumbent mayor of the City. His address is: 10686 Beal Avenue, Hayward, WI 54843. Mr. Swintowski is being sued in his official and individual capacities in this action. (Admitted: Complaint at ¶ 5 (incorrectly numbered in Complaint as a second ¶ 4); Defendants' Answer and Affirmative Defenses at ¶ 5.)

6.      Defendant Gary Gillis (hereinafter "Mr. Gillis") is an elected alderperson and member of the Hayward City Council. His address is: P.O. Box 862, Hayward, WI 54843. Mr. Gillis is being sued in his official and individual capacities in this action. (Admitted: Complaint at ¶ 6; Defendants' Answer and Affirmative Defenses at ¶ 6.)

7.      Defendant Harold Johnson (hereinafter "Mr. Johnson") is an elected alderperson and member of the Hayward City Council. His address is: 10731 Beal Avenue, Hayward, WI 54843. Mr. Johnson is being sued in his official and individual capacities in this action. (Admitted: Complaint at ¶ 7; Defendants' Answer and Affirmative Defenses at ¶ 7.)

8.      Defendant Joe Kreyer (hereinafter "Mr. Kreyer") is an elected alderperson and member of the Hayward City Council. His address is: P.O. Box 365, Hayward, WI 54843. Mr. Kreyer is being sued in his official and individual capacities in this action. (Admitted: Complaint at ¶ 8; Defendants' Answer and Affirmative Defenses at ¶ 8.)

9.      Defendant Charles Munich (hereinafter "Mr. Munich") is an elected alderperson and member of the Hayward City Council. His address is: 10244 Towne View Road, Hayward, WI 54843. Mr. Munich is being sued in his official and individual capacities in this action.  (Admitted: Complaint at ¶ 9; Defendants' Answer and Affirmative Defenses at ¶ 9.)

10.     Defendant Pat Parker (hereinafter "Ms. Parker") is an elected alderperson and member of the Hayward City Council. Her address is: P.O. Box 862, Hayward, WI 54843. Ms. Parker is being sued in her official and individual capacities in this action. (Admitted: Complaint at ¶ 10, Defendants' Answer and Affirmative Defenses at ¶ 10.)

11.     Defendant Jason Speros (hereinafter "Mr. Speros") is an elected alderperson and member of the Hayward City Council. His address is: 10459 Forest Avenue, Hayward, WI 54843. Mr. Speros is being sued in his official and individual capacities in this action. (Admitted: Complaint at ¶ 11; Defendants' Answer and Affirmative Defenses at ¶ 11.)

12.     Defendant Al Voight (hereinafter "Mr. Voight") is an elected alderperson and member of the Hayward City Council. His address is: 15637 Lakewood Drive, Hayward, WI 54843. Mr. Voight is being sued in his official and individual capacities in this action. (Admitted:  Complaint at ¶ 12; Defendants' Answer and Affirmative Defenses at ¶ 12.)

13.     Defendant Verna Worman (hereinafter "Ms. Worman") is an elected alderperson and member of the Hayward City Council. Her address is: 15996 N. First Street, Hayward, WI 54843. Ms. Worman is being sued in her official and individual capacities in this action. (Admitted: Complaint at ¶ 13; Defendants' Answer and Affirmative Defenses at ¶ 13.)

### B.      Factual Background.

14.     Ms. Otis is a professional musician and for several years a substantial percentage of her business income has been derived from playing music by herself and with other musicians at The Pavilion, for the benefit and enjoyment of her customers and wine bar patrons, her own personal enjoyment, and for the expression and communication of feelings and ideas. (Affidavit of Martha ("Molly") Otis Scheer, February 3, 2011, at ¶ 2.) (hereinafter "Otis Aff.")

15.     On August 20, 2007, the Police Committee of the Hayward City Council met and adopted a motion to have the City Attorney draft a music ordinance for consideration by the City Council at its September 2007 meeting. The minutes of the meeting state that the proposed ordinance "would require any establishment hosting music (band or DJ) outside after 10:00 p.m. to obtain permission from the City Council prior to hosting the outdoor music." This meeting was attended by Mr. Duffy, Mr. Sheehan, Mr. Gillis, Mr. Munich, Mr. Speros, Mr. Voight, and Ms. Worman. The motion to approve development of the ordinance was made by Mr. Gillis and seconded by Ms. Worman. The motion was carried and approved without objection. (Affidavit of Glenn M. Stoddard, February 3, 2011, at ¶ 2, Ex. 1.) (hereinafter "Stoddard Aff.")

16.     On September 17, 2007, the Hayward City Council unanimously approved passage of Ordinance #476 (copy attached to Complaint and incorporated herein by reference as Exhibit A) under color of law, which purports to prohibit Ms. Otis and any establishment or private party from playing music outside after 10:00 p.m., without first obtaining a special permit from the Hayward City Council. Prior to its passage, Ordinance #476 was supported by Mr. Duffy and Mr. Sheehan, and it was signed by Mr. Duffy. (Stoddard Aff., February 3, 2011, at ¶ 3, Ex. 2.)

17.     Ordinance #476 provides that failure to obtain permission to play music outside from the Hayward City Council shall result in forfeitures. The forfeiture amounts specified are $50.00 for the first offense, plus applicable court costs; $100.00 for the second offense, plus applicable court costs; and $200.00 for the third offense, plus applicable court costs. (Stoddard Aff., February 3, 2011, at ¶ 4, Ex. 2; see also Complaint at ¶ 19, Ex. A; Defendants' Answer and Affirmative Defenses at ¶ 19.)

18.     The Hayward City Council did not hold a formal public hearing on the proposed Ordinance #476 prior to its passage on September 17, 2007. Nonetheless, Ms. Otis learned about the proposed ordinance and attended the meeting to voice concerns that the proposed Music Ordinance would hinder her business at the Pavilion, because on multiple occasions throughout the tourist season her establishment boasted outdoor music. Ms. Otis stated that she had been in the music business for a long time and every other city where she had played that regulated outdoor music would take decibel readings where the group was playing and where the residential area started. She went on to state that the proposed Music Ordinance was vague and subjective, and that it would leave music wide open to be regulated by people who complain. Ms. Otis also asked if she would need to get permission from the City Council each week or if she could get a

permit to hold outdoor music on a weekly schedule. In response to her question, Defendant Thomas J. Duffy ("Duffy") would not offer a firm answer but stated that potentially Ms. Otis could approach the City Council with a regular schedule when outdoor music would be played and, if no one turned out to complain, then there would not be a problem. (Otis Aff., February 3, 2011, at ¶ 3 & 4; see also Complaint at ¶ 20; Defendants' Answer and Affirmative Defenses at ¶ 20.)

19. At the time Ms. Otis spoke out against the proposed ordinance, she was falsely informed by the then-City of Hayward Police Chief, Mr. Sheehan, that she had nothing to worry about, because it would not apply to her business at The Pavilion. (Otis Aff., February 3, 2011, at ¶ 5.)

20. Prior to passage of Ordinance #476, Ms. Otis and other musicians would typically play live and recorded music in the courtyard of The Pavilion on at least two nights per week until about 12:00 a.m. midnight or later. This was part of the service Ms. Otis provided to her customers and wine bar patrons and it was very popular and, thus, profitable for Ms. Otis and her business. (Otis Aff., February 3, 2011, at ¶ 6.)

21. On September 26, 2007, Ordinance #476 was published and purportedly became effective under color of state law in the City. (Admitted: Complaint at ¶ 23; Defendants' Answer and Affirmative Defenses at ¶ 23.)

22. On September 28, 2007, at shortly after 10:00 p.m., the City police raided The Pavilion under color of law with several armed police officers who pulled up to The Pavilion in two or three police cars. At the time of the police raid Ms. Otis was informed that she was in violation of Ordinance #476 and would have to stop playing music outside or be cited and subject to forfeitures because she did not have permit to play music outside after 10:00 p.m. (Otis Aff., February 3, 2011, at ¶ 7.)

23. Because of Ordinance #476 and the raid by the City police on her business, Ms. Otis has been forced to move all live and recorded music inside The Pavilion at substantial expense to her and her business. (Otis Aff., February 3, 2011, at ¶ 8.)

24. Because of Ordinance #476 and the raid by the City police on her business, Ms. Otis has also lost a substantial amount of business and a substantial number of patrons who formerly visited The Pavilion to enjoy live and recorded outdoor music after 10:00 p.m. on weekends, because of the stigma cast on her business from the police raid. (Otis Aff., February 3, 2011, at ¶ 9.)

25. Ever since Ordinance #476 was passed and the City police raided The Pavilion, Ms. Otis has been illegally regulated, restrained and chilled from playing music alone and with other musicians outside after 10:00 p.m., and this has caused her to suffer damages in lost business income. (Otis Aff., February 3, 2011, at ¶ 10.)

26. Because of the raid by the City police Ms. Otis has suffered impairment of reputation, personal and public humiliation, emotional distress, mental pain and suffering, and injury to her reputation in the community and as a business owner and operator. (Otis Aff., February 3, 2011, at ¶ 11.)

27. On July 19, 2010, Ms. Otis and her attorney appeared before the Hayward City Council to request approval of a special permit from the City Council that would allow Ms. Otis to play outdoor music at the Pavilion until 1:00 a.m., on Friday and Saturday nights throughout the year. (Otis Aff., February 3, 2011, at ¶ 12; Admitted: Complaint at ¶ 29; Defendants' Answer and Affirmative Defenses at ¶ 29.)

28. Beginning in April 2008, the Hayward City Council considered and either approved, denied or modified various requests, under Ordinance #476, to hold outdoor music in the City of Hayward. (Stoddard Aff., February 3, 2011, at ¶5.)

29. On April 21, 2008, the Hayward City Council approved a "request to hold outdoor music from the American Cancer Society to have (D.J.) music throughout the night at the Relay for Life event on August 8-9, 2008, at the Hayward High School Track." (Stoddard Aff., February 3, 2011, at ¶ 6, Ex. 3.)

30. On June 16, 2008, the Hayward City Council approved requests to hold outdoor music from the Hayward Veteran's Community Center and McCormick House but authorized members of the City Police Committee to make a decision on whether or not to approve a request to hold outdoor music from Waynamo's Wildlife Bar & Museum. (Stoddard Aff., February 3, 2011, at ¶ 7, Ex. 4.)

31. On June 23, 2008, the Hayward City Police Committee approved the request to hold outdoor music from Waynamo's Wildlife Bar & Museum "until 12:00 a.m. on Friday, July 25, and Saturday, July 26, 2008 but not on Sunday, July 27, 2008." (Stoddard Aff., February 3, 2011, at ¶ 8, Ex. 5.)

32. On July 21, 2008, the Hayward City Council approved two requests to hold outdoor music. The first was from the Old Hayward Eatery, for outdoor music until midnight on Friday, July 25 and Saturday, July 26, 2008. The second was from the Wild River Bar "to hold outdoor music until midnight on Sunday, August 31, 2008." (Stoddard Aff., February 3, 2011, at ¶ 9, Ex. 6.)

33. On May 18, 2009, the Hayward City Council approved a request from the American Cancer Society to hold outdoor music "at the Hayward High School Track from 6:00 p.m., Friday, August 7th until 9:00 a.m., Saturday, August 8th, 2009." (Stoddard Aff., February 3, 2011, at ¶ 10, Ex. 7.)

34. On June 15, 2009, the Hayward City Council approved a request from the Old Hayward Eatery "to hold outdoor music until 12:00 a.m. on July 24th & 25th, 2009." (Stoddard Aff., February 3, 2011, at ¶ 11, Ex. 8.)

35. On August 17, 2009, the Hayward City Council approved a request from "Wild River Bar, to hold outdoor music until midnight on Sunday, September 6, 2009." (Stoddard Aff., February 3, 2011, at ¶ 12, Ex. 9.)

36. On April 19, 2010, the Hayward City Council approved a request from the American Cancer Society Relay for Life "to hold outdoor music from 6:00 p.m., Friday, August 13th until 9:00 a.m. on Saturday, August 14th, 2010." (Stoddard Aff., February 3, 2011, at ¶ 13, Ex. 10.)

37. On July 19, 2010, the Hayward City Council took up two requests for permits to hold outdoor music, including a request by Bob Pyykola ("Pyykola") and the Wild River Inn, to hold outdoor music until 1:00 a.m. on Sunday, September 5, 2010; and a request by Ms. Otis to hold outdoor music until 1:00 a.m. on Friday and Saturday nights throughout the year. (Stoddard Aff., February 3, 2011, at ¶ 14, Ex. 11.)

38. On July 19, 2010, Ms. Otis and her attorney appeared before the Hayward City Council on her behalf to present her request for a special permit for her to hold outdoor music at the Pavilion until 1:00 a.m. on Friday and Saturday nights throughout the year. However, before taking up Ms. Otis's request for approval of a special permit at the July 19, 2010 City Council meeting, the Hayward City Council took up the request by Pyykola and the Wild River Inn, to hold outdoor music until 1:00 a.m. on Sunday, September 5, 2010. (Stoddard Aff., February 3, 2011, at ¶ 15, Ex. 11.)

39. The official minutes of the July 19, 2010 Hayward City Council meeting show that Pyykola's special permit request was granted, in part, because he was allowed to hold outdoor music only until 12:00 a.m. instead of 1:00 a.m., as he had requested. The minutes state, in part, as follows:

> **Bob Pyykola: Wild River Inn – Request to hold outdoor music until 1:00 a.m. on Sunday, September 5, 2010 (Labor Day Weekend)**
> Mayor Swintowski noted that the council has approved Old Hayward Eatery to hold outdoor music until 1:00 a.m. on July 23rd and 24th, on a trial basis. All other requests acted upon by the council have been approved on the basis that the outdoor music was held until 12:00 a.m. only. Mr. Pyykola was not present. A motion was made by Ald. Voight, seconded by Ald. Johnson to approve the request made by Bob Pyykola, Wild River Inn, to hold outdoor music until 12:00 a.m. (not 1:00 a.m.) on Sunday, September 5, 2010. Motion carried.

(Stoddard Aff., February 3, 2011, at ¶ 16, Ex. 11.)

40. At the July 19, 2010 Hayward City Council meeting Ms. Otis's attorney stated to the City Council that if the City Council denied the special permit request it would be doing so in violation of Ms. Otis's First Amendment rights under the U.S. Constitution. Nonetheless, Mr. Swintowski spoke out in opposition to granting approval of Ms. Otis's special permit request and the City Council subsequently voted to deny the

7

request. The official minutes of the July 19, 2010 Hayward City Council meeting state, in part, as follows:

> **Molly Otis: The Pavilion – Request to hold outdoor music until 1:00 a.m. on Friday and Saturday nights throughout the year.**
> Glenn Stoddard, attorney representing Molly Otis, addressed the council members as to Ms. Otis' request to hold outdoor music until 1:00 a.m. on Friday and Saturday nights throughout the year. Mr. Stoddard stated that to deny the request would violate Ms. Otis's first amendment rights and a notice of claim would be served on the clerk tonight. A motion was made by Ald. Voight, seconded by Ald. Johnson to deny the request made by Ms. Otis, The Pavilion, to hold outdoor music until 1:00 a.m. on Friday and Saturday nights throughout the year. Roll call vote: Ald. Gillis—yes, Ald. Johnson—yes, Ald. Kreyer—yes, Ald. Munich—no, Ald. Parker—yes, Ald. Voight—yes, Ald. Worman—yes, Ald. Speros—abstaining. Motion carried. Ayes (6), Nays (1), Abstain (1). Mr. Stoddard then served Clerk Gunther with a notice of claim.

(Stoddard Aff., February 3, 2011, at ¶ 17, Ex. 11; see also Otis Aff., February 3, 2011, at ¶ 14; Complaint at ¶ 30; Defendants' Answer and Affirmative Defenses at ¶ 30.)

## ARGUMENT

### I. THE COURT HAS SUBJECT MATTER JURISDICTION.

This action arises under the United States Constitution, namely the First and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1988. (Admitted: Complaint at ¶ 14; Defendants' Answer and Affirmative Defenses at ¶ 14.)

The Court has Federal Question jurisdiction over this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1341, and venue rests with this Court because all parties reside in the Western District of Wisconsin. (Admitted: Complaint at ¶ 15; Defendants' Answer and Affirmative Defenses at ¶ 15.)

### II. SUMMARY JUDGMENT STANDARD.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Thus, on a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by the parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Here, the material facts are not in dispute and are clearly set forth in "Plaintiff's Proposed Findings of Fact, Conclusions of Law, and Order on Defendants' Personal and